

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*  *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

December 9, 2004

George F. Gormley, Esq.
655 Summer Street
Boston, MA 02210

>  Re:  <u>United States v. Gilmari Padilla</u>
>       Criminal No. 04-20359-CR-MARTINEZ (S.D.Fl.)

Dear Mr. Gormley:

This letter sets forth the Agreement entered into between the United States Attorney for the District of Massachusetts and the United States Attorney for the Southern District of Florida ("the U.S. Attorneys") and your client, defendant Gilmari Padilla ("Defendant") in the above-captioned case. The Agreement is as follows:

>  1.  <u>Change of Plea</u>

On or before December 17, 2004, or as soon thereafter as scheduled by the Court, Defendant shall plead guilty to the one count indictment pending against her in this case. Defendant expressly and unequivocally admits that she in fact knowingly and intentionally committed the crime charged in the indictment, and is in fact guilty of the offense.

>  2.  <u>Penalties</u>

Defendant faces the following maximum penalties:

>  a.  a ten year term of imprisonment;
>
>  b.  a $250,000 fine;

   c.   a three year term of supervised release; and

   d.   a $100 mandatory special assessment.

3. <u>Sentencing Guidelines</u>

The U. S. Attorneys will take the following positions at sentencing with regard to offense conduct, and adjustments thereto, under the United States Sentencing Guidelines in effect at the time of the offense (2001 U.S.S.G.):

   a)   Pursuant to U.S.S.G. §2L2.1(a), the base offense level is 11; and

   b)   No adjustments apply.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorneys at this time, the U.S. Attorneys agree to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorneys specifically reserve the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

   (a)   Fails to admit a complete factual basis for the plea;

   (b)   Fails to truthfully admit her conduct in the offenses of conviction;

   (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

   (d)   Fails to provide truthful information about her financial status;

   (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime;

(i)  Transfers any asset protected under any provision of this Agreement; and/or

(j)  Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorneys do not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

The defendant is familiar with the Supreme Court's decisions in Blakely v. Washington, 542 U.S. ___ (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Notwithstanding those decisions, the defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines, and agrees to have her sentence determined pursuant to the Sentencing Guidelines; waives any claim she might have that the facts that determine her guideline sentencing range (including facts that support any specific offense characteristic, specific offender enhancement, other upward adjustment, and the defendant's criminal history category) should be alleged in an indictment and found by a jury beyond a reasonable doubt; and agrees that facts that determine her guideline sentencing range will be found by the court at sentencing by a preponderance of the evidence. The defendant further agrees that the sentencing court may consider any reliable evidence, including hearsay. The defendant explicitly acknowledges that her plea to the charged offense authorizes the court to impose any sentence, up to and including the statutory maximum sentence, that is authorized by the Sentencing Guidelines.

4. <u>Sentence Recommendation</u>

The U.S. Attorneys agree to recommend the following sentence before the District Court:

    a) a term of incarceration at the low end of the sentencing guidelines, i.e., four months; and

    b) $100 mandatory special assessment.

Defendant agrees to provide the U.S. Attorneys at least 14 days written notice of the grounds for any departure motion to be advanced at sentencing.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B) and 20(a). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorneys, the U.S. Attorneys reserve the right to defend the sentencing Court's calculations and sentence in any subsequent appeal or collateral challenge.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that she has the right to challenge her

4

sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorneys in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorneys with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorneys, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorneys or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorneys therefore retain their appeal rights.

8.  **Rejection of Plea By Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorneys.

9. <u>Breach of Agreement</u>

If the U.S. Attorneys determine that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorneys may, at their sole option, be released from their commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorneys may also pursue all remedies available to them under the law, irrespective of whether they elect to be released from their commitments under this Agreement. Further, the U.S. Attorneys may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorneys will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may have been made by her, and any information, materials, documents or objects provided by her to the government pursuant to this Agreement, without limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

10. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorneys for the District of Massachusetts and the Southern District of Florida, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorneys and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Thomas E. Kanwit.

Very truly yours,

MARCOS DANIEL JIMENEZ
United States Attorney
Southern District of Florida

Date: _____

By: /s/ Matt S. Axelrod
MATTHEW S. AXELROD
Assistant U.S. Attorney

MICHAEL J. SULLIVAN
United States Attorney

Date: 2/4/5

By: /s/
~~JAMES B. FARMER~~ Michael K. Loucks
Assistant U.S. Attorney
Chief, ~~Criminal Division~~
White Collar Section Chief

THOMAS E. KANWIT
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter, or I have had this letter read to me in my native language, in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Offices for the Southern District of Florida and the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Gilmari Padilla*
GILMARI PADILLA
Defendant

Date: 1/17/05

I certify that Gilmari Padilla has read this Agreement, or has had this Agreement read to her in her native language, and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*George Gormley*
George Gormley, Esq.
Attorney for Defendant

Date: 1-13-05