UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 05-10047-GAO |
| | ) | |
| v. | ) | |
| | ) | |
| GILMARI PADILLA | ) | |

**DEFENDANT GILMARI PADILLA'S SENTENCING MEMORANDUM**

Now comes defendant GILMARI PADILLA, through counsel, and hereby submits this Memorandum in preparation for her sentencing.

**I.   Ms. Padilla's Position Regarding her Guideline Sentencing Range, Without Reference to Departures**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 4 to 10 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2L2.1(a), the base offense level attributable to Ms. Padilla is 11. The base offense level is then reduced by two (2) levels for acceptance of responsibility, thereby making the total offense level 9. Ms. Padilla is given a subtotal criminal history score of 1, which yields a Criminal History Category of I. As set forth more fully below, although the advisory guideline calculations are accurate, it is Ms. Padilla's position that a sentence of probation should be imposed.

**II.  Ms. Padilla Should be Given a Downward Departure Based on the Fact that the Conduct at Issue Represents Aberrant Behavior**

Section 5K2.20 requires a defendant to meet the following three (3) requirements in order for the court to depart downward: the defendant must have committed a single criminal occurrence

or transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.  In the present case, Ms. Padilla is charged with knowingly subscribing as true a false statement with respect to a material fact in an application, affidavit, or other document required by the immigration laws and regulations prescribed thereunder.  This act was committed without significant planning.  Ms. Padilla is a young woman with a young daughter to support – and at the time that the offense was committed, she was suffering financially.  Ms. Padilla was also motivated by a desire to help her aunt, Evelyn Semprit.

The conduct in this case was also of limited duration.  Ms. Padilla married Rodolfo Flores in June of 2002 (an action which did not violate federal law), and then (without dissolving her prior union) married Dennis Orellana in August of 2002.  After completing the Petition for Alien Relative on or about September 14, 2002, there was no further offense conduct. Additionally, this conduct was all part of the single criminal occurrence.

Finally, the conduct charged in this case represents a marked deviation by Ms. Padilla from her otherwise law-abiding life.  The only other incident in Ms. Padilla's criminal history involved an altercation with another individual at a mall in New Hampshire when Ms. Padilla was twenty.

Application Note 3 to § 5K2.20 allows the court to consider other circumstances surrounding the defendant and her conduct in determining whether or not to grant a downward departure on the grounds of aberrant behavior.  The Court may consider the defendant's (A) mental and emotional condition; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

Ms. Padilla is currently seeking a degree in dental hygiene from Middlesex Community College. Her work history reveals that she has worked as both a dental assistant and as a teacher in various daycare facilities. Ms. Padilla has accepted responsibility for her conduct and is dedicated to moving forward with her efforts to obtain a degree so that she can build a satisfying career and continue to provide for her four (4) year old daughter.

Defendant respectfully submits, therefore, that a downward departure on the grounds of aberrant behavior is appropriate, and the Court should depart downward from the Guideline Sentence of 4-10 months and instead sentence Ms. Padilla to probation, a permissible disposition under the provisions of 18 U.S.C. § 3561(a) (PSR ¶ 98), as well as one consonant with the dictates of 18 U.S.C. § 3553(a).

**III.    Ms. Padilla's Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)**

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in <u>United States v. Booker</u> / <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of probation is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." <u>United States v. Myers</u>, 2005 U.S. Dist. LEXIS 1342 (S. D.

Iowa Jan. 26, 2005) (citing <u>United States v. Ranum</u>, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of probation is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. As set forth more fully above, Ms. Padilla is a young woman with a young daughter to support – and with the exception of a minor altercation with another individual at a mall in New Hampshire (when Ms. Padilla was twenty), she has led a law-abiding life. Ms. Padilla intends to continue her education and become a dental hygienist. A sentence of probation would be adequate given Ms. Padilla's history and characteristics.

The nature and circumstances of the offense also warrant a sentence that is lower than the advisory GSR. While Ms. Padilla acknowledges that she has made a serious error in judgment – and violated federal law – she contends that she would not have gotten involved in this offense absent the desire to help out her aunt and the need to obtain money to support her four (4) year old daughter. As detailed more fully above, however, Ms. Padilla is currently enrolled in a program to obtain her degree in dental hygiene, and this offense is a marked deviation from an otherwise law-abiding life. A sentence of probation is therefore appropriate.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of probation would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Ms. Padilla's position that a sentence of probation does reflect the seriousness of the offense and provides just punishment.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. While a sentence of probation is shorter than the GSR of 4 to 10 months suggested by the Probation Officer, it still affords adequate deterrence to criminal conduct for Ms. Padilla. Ms. Padilla is a young woman with a daughter to support, and at the time she committed the charged offense, she was suffering financially. Her conduct was also the result of a combination of youthful naivete and being overly trusting of in the face of requests made by relatives. Ms. Padilla was also motivated by a desire to help her aunt, Evelyn Semprit. The seriousness of this error in judgment is clear to Ms. Padilla – both because of the criminal penalties she faces and because of the civil difficulties she has created for herself. Ms. Padilla currently has two (2) marriages to individuals she does not know how to locate, and she must have these marriages dissolved or annulled should she wish to lawfully and legitimately marry someone in the future.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. Ms. Padilla has a minor criminal history (discussed more fully above), and her current offense did not involve any violent acts or other behavior that endangers the public. The concern that the public needs to be protected from potential further crimes of the defendant is minimal in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training as needed. Ms. Padilla recently completed her first semester at Middlesex Community College, where she is seeking a degree in dental hygiene (¶ 67). Ms. Padilla also attended Mount Wachusett Community College in 2001, where she completed a course as part of the Office of Child Care Services requirement (¶ 68). A sentence of probation would allow Ms. Padilla to continue her studies at Middlesex Community College and enable her to enter her chosen profession and provide for herself and her daughter.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of probation is appropriate.

> Respectfully submitted,
> **GILMARI PADILLA,**
> By her attorneys,
>
> /s Christie M. Charles
> _____
> George F. Gormley (BBO# 204140)
> Christie M. Charles (BBO# 646995)
> *George F. Gormley, P.C.*
> 655 Summer Street
> Boston, MA 02210
> (617) 478-2750

**Dated:**     July 20, 2005