UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 05-10047-GAO** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GILMARI PADILLA** | ) | |
| | ) | |

## MOTION TO CORRECT SENTENCE UPON RECONSIDERATION

Now comes GILMARI PADILLA, defendant herein, and requests this Honorable Court to correct the sentence of four (4) months incarceration imposed on July 28, 2005 *(to commence on September 15, 2005)* by allowing substitution of four (4) months of home detention *(monitored electronically)* for the equivalent four (4) month term of imprisonment imposed.

As grounds of this request the defendant says:

1. She is presently gainfully employed as a dental hygienist[1] in a small dental practice but will lose her position if absent for a period as extended as four (4) months. As she will be replaced by her employer, the loss of position will likely be long term as her family responsibilities to her daughter limit the area of her availability for employment in this field;

2. The defendant's daughter, Angelee *(age 4)*, has completed her preschool and is scheduled to begin kindergarten classes at the Charter School, Lowell, Massachusetts in September 2005;

3. The undersigned has been advised by the Bureau of Prisons Community Corrections Field Office that Ms. Padilla will, at best, be incarcerated in a facility located in the State of Connecticut *(FCI – Danbury)*, as that is the closest United States Bureau of Prisons facility where females are incarcerated. Thereafter, institutions are available only in Pennsylvania, West Virginia and Texas. The Bureau does not contract for the housing of female prisoners at local facilities.

---

[1] She is also enrolled for the fall semester, 2005 courses in biology and English composition at Middlesex Community College of Lowell, Massachusetts.

4. The provisions of Fed. R. Crim. P. 35 require that there be a "technical or other clear error" for a court to exercise its discretion in circumstances as are present here. For this showing of "technical or other clear error," the defendant respectfully points to the court's recommendation that the Bureau of Prisons take into consideration defendant's family circumstances when designating a facility for service of her term of incarceration in light of the reality of female prisoner placement set forth above. The Court's expressed goal of punishing the defendant for her transgression without being unduly disruptive to the needs of her daughter is frustrated by the lack of adequate facilities for housing females committed to the Bureau of Prison custody for comparatively short periods;

5. The defendant also suggests that the goal of minimalist punishment set forth within 18 U.S.C. § 3553(a) will be met by allowance of her request for substitution of home confinement *(supplemented by electronic monitoring)* for incarceration.

6. Defendant contends the suggested correction is consonant with the provisions of 18 U.S.C. § 3553 (a) in that it will:

   A. continue to reflect this Court's view of the seriousness of this offense and to promote respect for the law while justly punishing Ms. Padilla for her conduct;

   B. adequately curb any inclination toward further criminal conduct still resident within Ms. Padilla; and

   C. allow Ms. Padilla to continue with the education, training and employment already begun by her, while restricting her freedom in a manner which provides her more than adequate time to reflect on the reason punishment was imposed by this Court.

Respectfully submitted,
**GILMARI PADILLA,**
By her attorney,

/s George F. Gormley
_____
George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO No. 204140

**Dated:** August 2, 2005

Case 1:05-cr-10047-GAO    Document 23    Filed 08/02/2005    Page 3 of 3